IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

AMARILLO DIVISION



| | |
|---|---|
| R. WAYNE JOHNSON, PRO SE, § <br> A.K.A. RONALD WAYNE JOHNSON, § <br> TDCJ-ID #282756, § <br> SID #1892956, § <br>    § <br>    Plaintiff, § <br>    § <br> v. § <br>    § <br> PAMELA WILLIAMS, § <br>    § <br>    Defendant. § | 2:09-CV-0138 |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

The initial pleading in this cause, entitled "Motion for Immediate Unit Transfer to Protect Access to the Courts and Preliminary Injunction - Rule 65" was filed May 15, 2009 in a habeas action, cause no. MO:09-CV-0039. The "Motion for Immediate Unit Transfer [etc.]" was construed by the United States District Court for the Western Division of Texas, Midland-Odessa Division, as a civil rights complaint and was transferred to the United States District Court for the Northern District of Texas, Amarillo Division on June 5, 2009.

Plaintiff R. WAYNE JOHNSON, also known as RONALD WAYNE JOHNSON, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Institutional Division, has filed a "Motion for Immediate Unit Transfer to Protect Access to the

Courts and Preliminary Injunction - Rule 65" which this Court construes as a suit pursuant to Title 42, United States Code, Section 1983 complaining against the above-named defendant. Plaintiff has failed to submit any request to proceed in forma pauperis and has failed to pay the filing fee.

The Court notes that plaintiff has accumulated more than three "strikes" under the Prison Litigation Reform Act of 1995 (PLRA)[1]. Further, the facts alleged in the pleading construed as the complaint do not state a claim of imminent danger of serious physical injury as construed in *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998). In light of these circumstances, issuance of a notice of deficiency requiring plaintiff to submit an application to proceed in forma pauperis would be a futile act.

Pursuant to Title 28, United States Code, section 1915(g), the Court FINDS plaintiff R. WAYNE JOHNSON may not proceed in forma pauperis in any further new filings or appeals filed while a prisoner unless grounds are argued in a motion for leave which fall within the limited exception enumerated in Title 28, United States Code, section 1915 (g). Even if the instant cause were accompanied by the necessary motion, the grounds presented in the instant suit do not fall within the statutory exception. Plaintiff has alleged no fact fulfilling the statutory exception as construed by the Fifth Circuit. *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998).

## CONCLUSION

For the reasons set forth above, the instant cause is DISMISSED WITHOUT PREJUDICE TO REFILING WITH PREPAYMENT OF THE FILING FEE.

---

[1] Cause No. 4:95-CV-0064 was dismissed as frivolous by the United States District Court for the Southern District of Texas, Houston Division, on May 23, 1995; cause no. 4:95-CV-0068 was dismissed as frivolous by the United States District Court for the Southern District of Texas, Houston Division, on August 27, 1995; and cause no. 2:03-CV-0013 was dismissed as malicious and for failure to state a claim by the United States District Court for the Southern District of Texas, Corpus Christi Division, on April 15, 2003. Further, cause no. 02-CV-0656 was dismissed as frivolous by the United States District Court for the Western District of Texas, Austin Division, on October 11, 2002, and plaintiff's appeal no. 02-51232 was dismissed by the United States Court of Appeals for the Fifth Circuit as frivolous on April 24, 2003.

LET JUDGMENT BE ENTERED ACCORDINGLY.

All pending motions are DENIED.

IT IS SO ORDERED.

ENTERED this 8th day of July, 2009.

MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE